### A. D. MARTIN vs. J. E. SLICER.

MAYO, J.  Where a case, involving nothing but questions of fact, the weight of evidence, and the credibility of witnesses, has been tried by a jury, who are admitted to be exceptionally intelligent, their verdict will not be disturbed, unless manifest errors are pointed out.

---

### MRS. M. J. BOWIE vs. J. R. WEATHERLY.

MAYO, J.  Where the sheriff, under a writ of sequestration issued in a petitory action, seizes two plantations and, at the request of both parties, in order not to disturb the laborers, he appoints the overseers thereon as his keepers and they charge the sheriff nothing for their services as keepers, the sheriff is not thereby deprived of the right to charge a fair and reasonable amount for the responsibility of keeping said property, which it was his duty to look after generally and supervise the acts of his keepers.  The amount allowed the sheriff in this case is $1 per day for 242 days.  C. P. 283; Act 1870, p. 161.

---

### THOMAS P. FARRAR vs. PARISH OF TENSAS.

FARMER, J.  Plaintiff was appointed District Attorney *pro tempore* for the Parish of Tensas, by Governor Nicholls, in January, 1877, but the appointee of Governor Kellogg refused to give that office up, until compelled by suit to do so, which was finally decided in July, 1877.  Plaintiff then instituted this suit to recover from the Parish $562.83, that being the amount of fees and salary paid by the Parish authorities to his contestant during the pendency of the suit for the office.  Held : Plaintiff is entitled to recover the amount sued for.  10 An. 298.

2.  True, Kellogg's appointee rendered and was paid for the services, but plaintiff was illegally deprived of his right to re nder said services, and he must be paid the revenues of the office which was rightfully his.  It would encourage usurpati on of office to hold otherwise.